**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| KIM MILLER-HUGGINS, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 09 CV 3773 |
| JOHN'S BEAUTY SUPPLY, INC., d/b/a JOHN'S BEAUTY SUPPLY, | ) ) ) | |
| Defendant. | ) | |

**<u>INITIAL STATUS REPORT</u>**

This cause, having come before the Court for a preliminary pretrial conference ("Conference") held pursuant to Federal Rules of Civil Procedure 16 and 26; and

James X. Bormes, Law Offices of James X. Bormes, P.C., 8 South Michigan Avenue, Suite 2600, Chicago, Illinois 60603, Telephone: (312) 201-0575, having appeared as counsel for Plaintiff, and

David S. Almeida, of Drinker Biddle & Reath LLP, 191 North Wacker Drive, Suite 3700, Chicago, IL   60606-1698, Telephone: 312-569-1426, having appeared as counsel for Defendant, the following action was taken:

1.      The parties discussed the following subjects and agreed to the action hereinafter set forth:

(A)      <u>Factual basis for jurisdiction</u>:   The Fair and Accurate Credit Transaction Act, 15 U.S.C. § 1681c(g), as amended ("FACTA").

(B)      The parties agreed that the principal uncontested facts and law were as follows:

(1)     Plaintiff alleges that Defendant has electronically printed a point of sale receipt which displays at least the expiration date of Plaintiff's credit card and provided such receipt to Plaintiff;

(2)     Plaintiff is not seeking actual damages, but statutory damages, pursuant to 15 U.S.C. § 1681c(g), on behalf of herself and a class of similarly situated persons; and

(3)     FACTA, 15 U.S.C. § 1681c(g), as currently promulgated, provides that "no person that accepts credit cards or debit cards . . . shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction."

(C)     The parties agreed that the principal contested issues of fact and law were as follows:

(1)     Whether the case is amenable to class certification;

(2)     Whether the receipt provided to the Plaintiff and members of the proposed class at the point of sale violated FACTA by displaying more than the last 5 digits of the card number and the expiration date of the card;

(3)     The damages, if any, to which Plaintiff(s) is entitled;

(4)     Whether Defendant's alleged violation of FACTA was willful.

(D)     The estimated time of a jury trial is 2-3 court days.  The parties would be ready for trial, at the earliest, in September 2010.

(E)     Amendments to pleadings and planned motions:  Pleadings may be amended through the end of discovery.  After the end of discovery, pleadings may only be amended by leave of Court.  An Amended Complaint shall always require leave of Court.

(F)     Limitation of the number of expert and other witnesses:  No limitation at this time.

(G)    <u>Discovery shall be conducted in phases</u>:  Fact discovery shall be completed by January 15, 2010.  The parties will then embark, if necessary, upon expert discovery, with the hope to complete the same by April 15, 2010.

(H)    There shall be no changes made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or by Local Rule, and no other limitations on discovery need to be imposed at this time.

(I)    The parties reserve the right to request imposition of additional limitations or focus on specific issues if necessary.

(J)    The parties have discussed issues relating to the disclosure or discovery of electronically stored information ("ESI").  The parties agree that ESI issues relating to disclosure or discovery are not presently thought to be a concern.  Notwithstanding, the parties agree that to the extent that a discovery request requires the production of ESI, such ESI will be produced in paper form.  The parties further agree to readdress ESI issues in the future should production in paper form prove inadequate or infeasible.

(K)    The parties agree to the procedures contained in Rule 26(b)(2)(B) of the Federal Rules of Civil Procedure as it pertains to issues relating to claims of privilege or work product protection, *i.e.*, are not entering into a "Clawback Agreement" at this time.  Notwithstanding, the parties further agree to readdress the procedures contained in Rule 26(b)(2)(B) of the Federal Rules of Civil Procedure in the future should those procedures prove to be inadequate or infeasible.

2.      The parties have engaged in preliminary settlement discussions which may prove fruitful.   The parties will continue these discussions and apprise the Court as necessary.

3.      The parties do not, at this time, consent to the assignment of this case to Magistrate Judge Brown.

4.      The parties do not, at this time, feel that a settlement conference with the Court would be productive; however, the parties will certainly apprise the Court if, in the future, a settlement conference would expedite resolution of this matter.


September 4, 2009                              Respectfully submitted,

                                               s/James X. Bormes
                                               James X. Bormes, Attorney for Plaintiff


                                               s/David S. Almeida
                                               David S. Almeida, Attorney for Defendant

CH01/ 25388297.1

- 4 -